UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61290-CIV-COHN/SELTZER

ANTHONY CHASE,

    Plaintiff,

vs.

NOVA SOUTHEASTERN UNIVERSITY, INC.,

    Defendant.
_____/

ORDER ON DEFENDANT'S MOTION TO COMPEL RESPONSES
TO REQUEST FOR PRODUCTION NUMBER 3

THIS CAUSE is before the Court on Defendant Nova Southeastern University's Motion to Compel Plaintiff to Provide Responses to Defendant's Request for Production Number 3 (DE 30) and the Court being sufficiently advised, it is hereby ORDERED that the Motion is GRANTED for the reasons set forth below.

Defendant moves the Court to compel Plaintiff to produce documents in response to its Request to Produce Number 3, which seeks "[c]opies of any and all documents consulted, referred to, or used in connection with the answers to Defendant's First Set of Interrogatories." Plaintiff objects to this Request on the ground that the production of these documents would violate the attorney work product doctrine because such production would reveal his counsel's thought processes.

In support of his position, Plaintiff relies on Sporck v. Peil, 759 F.2d 312 (3rd Cir. 1985). In Sporck, a securities fraud class action, the defendants had produced to the plaintiff "hundred of thousands" of documents. Prior to one defendant's deposition, his

counsel selected and compiled numerous documents from those already produced for the sole purpose of preparing his client for the deposition. At the deposition and later through a request for production, the plaintiff sought all documents the defendant had reviewed in preparing for his deposition; the defendant refused to produce those documents. In response to a motion to compel, the defendant acknowledged that none of the documents contained the work product of his counsel. The defendant, however, argued that counsel's selection and grouping of the documents itself would reveal counsel's mental impressions and legal opinions. Over the defendant's objection, the trial court ordered the defendant to identify or produce the documents requested. On a writ of mandamus, a divided panel of the Third Circuit held that counsel's selection and compilation of documents fell "within the highly protected category of opinion work product" and, thus, the documents need not be produced. Id. at 316.

One court in this district has considered whether documents reviewed by one of the defendant's employees in preparing for her deposition should be produced over the defendant's "selection-based opinion work product" objection. See In re Trasylol Products Liab. Litig., No. 08-MD-1928, 2009 WL 936597, at *3-4 (S.D. Fla. Apr. 7, 2009) (Middlebrooks, J.). In ruling that the defendant was required to produce the documents, the Trasylol Court observed:

> Cases that have considered issues similar to those presented in Sporck . . . and the case herein, have demonstrated a good deal of disagreement as to the application of such a "selection-based opinion work-product" privilege, and the result has been the production of a multitude of distinguishing principles. The foremost and most consistent of such principles is that "the mere selection and grouping of information by counsel for a deponent to review does not automatically transform otherwise discoverable documents into work product." See, e.g., In re

2

> San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1018 (1st Cir. 1988). The Court in the San Juan case criticized the Sporck decision as flawed because it assumed that the revelatory nature of the sought-after information was, in and of itself, sufficient to impart the information with the cloak of heightened protection of opinion work product.
>
> The Eleventh Circuit has not had opportunity as yet to consider the applicability of the Sporck doctrine. The cases within this Circuit that have had such opportunity, however, have recognized the far-reaching effects of the decision, and have crafted a narrower application of the doctrine. See, e.g., Hunter's Ridge Golf, Co., Inc. v. Georgia Pacific Corp., 233 F.R.D. 678, 681 (M.D. Fla. 2006); Jackson v. Geometrica, Inc., 2006 WL 510059 (M.D. Fla. Mar. 2, 2006); In re Seroquel Products Liability Lit., 2008 WL 21507 (M.D. Fla. 2008). Much of this narrower application derives from the Sporck dissent and the San Juan fire case wherein the First Circuit recognized that "not every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions, or legal theories is protected as opinion work product . . . . Were the doctrine to sweep so massively, the exception would hungrily swallow up the rule." 859 F.2d at 1015.

Id. The court acknowledged that it "is conceivable that some circumstances may warrant application of the Sporck principle," but such "a broad general privilege basically would extend the work-product privilege into the norm, rather than the exception." Id. And the court noted that "[c]onstruing too broadly, the work product privilege can interfere with the essential function of the discovery process of narrowing the issues for trial'" Id. at *4 (quoting In re Seroquel, 2008 WL 215707, at *5).

This Court agrees with the Trasylol Court and the other courts that require the party raising a "selection based opinion work product" objection to "come forward with some evidence that disclosure of the requested documents creates a real, non-speculative danger of revealing counsel's thoughts." In re Trasylol, 2009 WL 936597, at *4; see also In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002, 318 F.3d 379,

386 (2d Cir. 2002); In re Seroquel Prods. Liab. Litig., No 6:06-md-1769-Orl-22DAB, 2008 WL 215707, at *5 (M.D. Fla. Jan. 24, 2008); Hunter's Ridge Golf, Co., Inc. v. Georgia Pacific Corp., 233 F.R.D. 678, 681 (M.D. Fla. 2006). Here, Plaintiff's mere assertion that the production of the documents sought would reveal counsel's thought processes does not come close to meeting that burden. Accordingly, on or before February 3, 2012, Plaintiff shall produce to Defendant all documents responsive to Request for Production Number 3.

DONE AND ORDERED in Fort Lauderdale, Florida, this 24th day of January 2012.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record