UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61290-CIV-COHN/SELTZER

ANTHONY CHASE,

    Plaintiff,

vs.

NOVA SOUTHEASTERN UNIVERSITY, INC.,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DETERMINE SUFFICIENCY OF ANSWERS TO REQUESTS FOR ADMISSIONS

THIS CAUSE is before the Court on Defendant Nova Southeastern University, Inc.'s Motion to Determine the Sufficiency of Answers to Request for Admissions (DE 36) and the Court being sufficiently advised, it is hereby ORDERED that the Motion is GRANTED in part and DENIED in part for the reasons set forth below.

Defendant served on Plaintiff several requests for admissions, and Plaintiff timely responded thereto. Defendant now requests that the Court determine the sufficiency of Plaintiff's answers to two of these requests – Request for Admission No. 3 and Request for Admission No. 4. It argues the Court should determine that Plaintiff's responses are inadequate and rule that the matters are deemed admitted, or alternatively, require a clear, unequivocal admission or denial.

Federal Rule 36 governs requests for admissions; the Rule's purposes are "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." Perez v. Miami-Dade County, 297 F.3d 1255, 1268 (11th Cir. 2002)

(quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2252 (2d ed. 1994)); see also Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("An important purpose of the rule is to reduce the cost of litigation by narrowing the scope of disputed issues, facilitating the succinct presentation of cases to the trier of fact, and eliminating the necessity of proving undisputed facts.") (internal citations omitted).  Rule 36(a) permits a party to serve on another party "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).  Rule 36(a) also affords the responding party limited options for answering a request for admission:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).  A responding party may also object to a request for admission, but not "solely on the ground that the request presents a genuine issue for trial."  Fed. R. Civ. P. 36(a)(5).  A matter admitted under Rule 36 is deemed "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Additionally, Rule 36 expressly permits the requesting party to move a court to

determine the sufficiency of an answer or objection to a request for admission.  Fed. R. Civ. P. 36(a)(6).  If the court finds that an answer does not comply with the Rule, it "may order either that the matter is admitted or that an amended answer be served."  Id.  Where the court finds that an objection is not justified, it "must order that an answer be served." Id.

Both Requests at issue reference "Exhibit A" to the Requests for Admission.  See Request for Admissions (DE 36).  Exhibit A is an October 28, 2011 letter written by Plaintiff. Although the letter is addressed simply to "Sir or Madame," Plaintiff in response to other Requests for Admissions has indicated that the letter was submitted to both the American Bar Association and the American Association of Law Schools as a complaint and as a request for investigation.  See Request for Admission Nos. 5 and 6 and Plaintiff's Response thereto (DE 36).  The letter relates, *inter alia*, the circumstances surrounding Plaintiff being placed on leave and subsequently being terminated, and it expresses Plaintiff's belief that the University's stated reasons for his termination were pretextual and proffers his own belief as to the real reason he was terminated.

Request for Admission No. 3 requests that Plaintiff "[a]dmit that you contend you were terminated from NSU in retaliation for your 'willingness to stand up for the rule of law' as set forth in Exhibit A."[1]  Plaintiff 's response states: "Admit that the Plaintiff stated in Exhibit A, which differs from the reason stated by University President George Hanbury II, Ph.D, in his December 20, 2011 letter.  Plaintiff is unable to speculate as to President

---

[1] According to Plaintiff, this statement "refers to [his] vocal opposition to multiple incidents of behavior by Nova, in opposition to the Service Employers International Union's effort to organize custodians on its campus, that the National Labor Relations Board has determined to constitute unfair labor practices."  Response at 2 (DE 41)

Hanbury's state of mind."

Defendant argues that Plaintiff's response "fails to comply with the requirements, spirit or intent of Rule 36." Motion at 4 (DE 36). According to Defendant, "the Request does not ask whether Plaintiff made such a statement, but whether or not [he] *contends* that he was terminated from NSU in retaliation for [his] willingness to stand up for the rule of law. . . .'" Id. (emphasis in original).

Plaintiff responds that "[q]ualification of a response to a Request for Admission is generally permitted if the statement, although containing some truth standing alone out of context of the whole truth conveys unwarranted and unfair inferences." Response at 5 (DE 41) (quoting McCarthy v. Darman, Case NO. 07-cv-3958, 2008 U.S. Dist. LEXIS 47549, at *12 (E.D. Pa. June 16, 2008)). He argues that the word "contend" in Request for Admission No. 3 "convey[s] a range of meaning"[2] and that the Request "uses innuendo, requires an inference, or requires a lengthy explanation before it can be fairly answered." Id. at 10. According to Plaintiff, Request for Admission No. 3 is "the kind of 'trick-question' request for admission that court after court has held requires qualification since even though 'it contain[s] some truth, standing alone out of context of the whole truth [, it] conveys unwarranted and unfair inferences." Id. Plaintiff additionally asserts that he attempted in good faith to respond to Request for Admission No. 3 by "admitting he made the statement but alerting the defendant that he did not agree with defendant's interpretation of what he said in the letter, i.e., adopting retaliation for his opposition to Nova's unfair labor practices as being the sole reason that he felt he was terminated." Id.

---

[2] The Court disagrees. Webster's Dictionary defines "contend" as "maintain" or "assert." See Merriam-Webster, http://www.merriam-webster.com/dictionary/contend.

4

Based on Plaintiff's response to Request for Admission No. 3 and his arguments in response to the instant Motion, the Court believes that Plaintiff has misinterpreted what Defendant is asking him to admit. In response to the Request, Plaintiff admitted that <u>he stated in Exhibit A</u> that the reason he was terminated was because of his "willingness to stand up for the rule of law." But Defendant has clarified that this Request is not asking Plaintiff whether he made such a statement in Exhibit A; rather, it is requesting Plaintiff to admit "whether or not [he] *contends* that he was terminated from NSU in retaliation for [his] willingness to stand up for the rule of law. . . .'" Motion at 4 (DE 36). The Court, therefore, will not deem Request for Admission No. 3 admitted. Instead, the Court will afford Plaintiff an opportunity to respond to the Request for Admission No. 3, as clarified by Defendant. Accordingly, on or before April 23, 2012, Plaintiff shall serve on Defendant an amended answer in compliance with Rule 36(a)(4), that is, admitting or denying the Request and, if necessary, qualifying its response.

Request for Admission No. 4 requests that Plaintiff "[a]dmit that nowhere in the document attached as Exhibit A, do you contend that you were terminated because NSU perceived you as suffering from a mental disability that interferes with the major life activities of thinking and working." Plaintiff denied that Request. He then explained his denial by identifying seven statements he made in Exhibit A, contending that an inference that Nova perceived him as suffering from a mental disability arises from these statements.[3]

---

[3] These statements are: (1) "Dean Athornia Steele's comment to me that 'serious safety concerns have developed' about plaintiff"; (2) "Dean Steele's statement that 'there were rumors that [plaintiff] had a gun or guns in [his] office'"; (3) "The vice president for human resources stating that 'we're just concerned about the gun'"; (4) The plaintiff's

Defendant argues that these statements in no way imply that it terminated Plaintiff's employment because it perceived Plaintiff was suffering from a mental disability. According to Defendant, Plaintiff's "qualification of a denial has not been supplied in good faith as the Plaintiff's own statement and words contained in [Exhibit A] show that his denial of Request for Admission No. 4 is unreasonable and false." Motion at 6 (DE 36). Defendant, therefore, requests that the Court deem Request No. 4 conclusively admitted.

Defendant, in essence, is requesting that the Court ascertain the truth or falsity of Plaintiff's denial. However, in determining the sufficiency of a request for admission, the court's role is to "ensure the formalities of [Rule 36(a)] are observed. As long as a responding party's answer is adequate to satisfy the technical requirements of Rule 36, the court is not empowered to compel [the responding party] to change an answer to conform to the 'truth' or to any particular theory or other evidence. . . ." Collins v. JC Penney Life Ins. Co., No. 02cv0674-L(LAB), 2003 U.S. Dist. LEXIS 8455, at *32 (S.D. Cal. May 5, 2003). As one court recently explained: "[t]he Federal Rules provide two avenues for challenging a party's answers to a request for admission. Rule 36(a), which addresses the

---

statement that President Hanbury's termination letter implied that his colleagues at the law school could not do their work 'because I had frightened them'"; (5) "The plaintiff's statement that 'They were frightened because I had purportedly sent them an email that caused them to believe that I was potentially violent, a threat to public safety, and specifically a threat to shoot them in the building or in the parking lot'"; (6) "The plaintiff's statement that he colleagues he was perceived by his colleagues have 'scared [them] ito [sic] thinking that [he] would shoot them with the gun [he] did not own or possess'" [note that the court has quoted the statement verbatim, but is unable to ascertain the meaning thereof]; and (7) " Plaintiff's statement that no one had spoken to him about his 'supposed potential dangerousness.'" Plaintiff's Response to Request for Admissions (DE 36).

6

*form* of the answer, and Rule 37(c)(2),[4] which addresses the answers factual *accuracy*. "Point Blank Solutions, Inc. v. Toyobo America, Inc., No. 09-61166-CIV, 2011 WL 742657, *at 2 (S.D. Fla. Feb. 24, 2011) (Goodman, M.J.) (emphasis in original).  The Point Blank Court ruled that Rule 36(a)(6) "clearly speaks to the *form* of the answer or objection, not to its *substance*"; the Rule "does not authorize a Court to inquire into the substantive accuracy of the denial" before trial or before summary judgment has been granted to either party.  Here, Plaintiff's answer comports with the (technical) requirements of Rule 36(c)(2)(4)); Plaintiff denied the Request then qualified its answer to explain its denial.  The Court does not find that Plaintiff lacked good faith in qualifying its answer, particularly as the reason Defendant terminated Plaintiff's employment goes to the very heart of this litigation.  If Plaintiff's answer ultimately proves to be false, then Defendant has a remedy under Rule 37(c)(2).  Accordingly, the Motion with respect to Request for Admission No. 4 is DENIED.

    DONE AND ORDERED in Fort Lauderdale, Florida, this 16th day of April 2012.

_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[4] Rule 37(c)(2) provides that "if a party fails to admit a request under Rule 36, and if the requesting party later proves a document to be genuine or the matter true" a court must award the requesting party "its reasonable expenses, including attorney's fees, incurred in making that proof," unless certain enumerated conditions exist. Fed. R. Civ. P. 37(c)(2).

7

Copies to:

All counsel of record